IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-63,222-07 & -08






EX PARTE HUMBERTO URIBE, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 866472 & 889123 IN THE 262ND DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of aggravated sexual assault and sentenced to imprisonment for seventy-five years and one day on
each count. The Fourteenth Court of Appeals affirmed his convictions. Uribe v. State, Nos. 14-02-00097-CR & 14-02-00098-CR (Tex. App.-Houston [14th Dist.], pet. ref'd). 

 Applicant contends, among other things, that he is actually innocent based on a newly
available or discovered affidavit from Viridiana Uribe LaFleur. Relying on this Court's decision in
Ex parte Brown, 205 S.W.3d 538 (Tex. Crim. App. 2006), the trial court concluded that this affidavit
is not newly discovered evidence and recommended that we either deny or dismiss this application.
We believe that the record should be further developed. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Elizondo, 947
S.W.2d 202 (Tex. Crim. App. 1996). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall hold a live evidentiary hearing. 

 If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint
an attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After holding the hearing, the trial court shall make further findings of fact and conclusions
of law as to: (1) whether the factual basis of Applicant's actual innocence claim was ascertainable
through the exercise of reasonable diligence on the date the -03 and -04 applications were filed in
the trial court (in making this finding, the trial court shall specifically determine when the
information in Viridiana's affidavit became available to Applicant); (2) whether Viridiana's affidavit
is credible; and (3) whether Applicant has established that he is actually innocent. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 6, 2011

Do not publish